UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE JONES, JR.                                                                                              PETITIONER

V.                                                                         CIVIL ACTION NO. 3:23-CV-25-DPJ-FKB

SHANNON WITHERS, Warden                                                                           RESPONDENT

ORDER

This petition for habeas corpus relief is before the Court on the Report and Recommendation [11] of United States Magistrate Judge F. Keith Ball. Willie Jones, Jr., seeks habeas relief under 28 U.S.C. §§ 2241 and 2255. Respondent opposes his petition. Judge Ball's R&R advises dismissal. For the reasons below, the Court dismisses the petition.

I.    Relevant Facts and Proceedings

In 2011, Jones pleaded guilty in the United States District Court for the Middle District of Louisiana to three drug-related offenses. The court sentenced Jones to 327 months for conspiring to possess with the intent to distribute cocaine (21 U.S.C. § 846) and lesser concurrent terms on related charges. Petr.'s Mem. [2] at 11. After the Fifth Circuit denied his appeal, Pet. [1] at 3, Jones unsuccessfully sought habeas relief under 28 U.S.C. § 2255, asserting ineffective assistance of counsel, *id*. at 4–5.

Jones now says the Louisiana district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), because it made factual findings about the drug quantities when imposing a mandatory minimum sentence under § 846. Petr.'s Mem. [2] at 8. Respondent opposed the petition and urged the Court to dismiss it, but Jones never responded. Judge Ball recommended dismissal; Jones never objected.

II.      Standard

On review of a magistrate judge's R&R under 28 U.S.C. § 636(b)(1), the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Accord* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). When the petitioner does not object to the R&R, the Court therefore reviews the R&R only for clear error on the face of the record, not de novo. *See id.* advisory committee's note.

III.     Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner seeking habeas relief must ordinarily file a motion under 28 U.S.C. § 2255 in the court that sentenced him. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam); 28 U.S.C § 2255(e). But Jones hopes to evade that restriction by pursuing relief in this Court under 28 U.S.C. § 2241. *See* Petr.'s Mem. [2] at 7. That's permitted in some circumstances under the saving clause found in § 2255(e). Section 2255(e) generally bars a federal prisoner from seeking relief under § 2241 unless the § 2255 remedy "is inadequate or ineffective to test the legality of his detention."

Because Jones filed an earlier § 2255 motion, § 2255(h) precludes a second or successive motion unless based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Jones offers no new evidence, and the rules announced in *Apprendi* and *Alleyne* are not retroactively applicable. *See United States v. Olvera*, 775 F.3d 726, 731 (5th Cir.

2

2015) (neither *Apprendi* nor *Alleyne* retroactively applicable to cases on collateral review). He is therefore barred from pursuing another § 2255 motion based on these arguments.

But "the inability to meet AEDPA's 'second or successive' requirement[ ] does not make § 2255 inadequate or ineffective." *Tolliver*, 211 F.3d at 878. Put simply, federal prisoners may not "circumvent the limitations on filing successive § 2255 motions" by asserting their claims under § 2241. *Id.*; *see also Molina v. Marques*, 825 F. App'x 213 (5th Cir. 2020) (holding that § 2255(e) saving clause did not apply to claims asserted under *Apprendi* and *Alleyne*).

As a final note, Jones premises his § 2241 argument on *Reyes-Requena v. United States*, but that case applied the saving clause to claims based on a new statutory interpretation. 243 F.3d 893 (5th Cir. 2001). Jones has not made a statutory argument. Even if he did, the United States Supreme Court overruled *Reyes-Requena* in *Jones v. Hendrix*, 599 U.S. 465 (2023). The Court concluded there "that [the] limitation on second or successive motions" found in § 2255(h) does not render "§ 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Id.* at 470.

Because Jones may not pursue his claim under § 2241, it must fall under § 2255. And any motion under that section must be filed in the sentencing court after obtaining leave from the Fifth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). This Court therefore lacks jurisdiction to consider his petition. *See Molina*, 825 F. App'x at 213 (district court lacked jurisdiction to consider § 2241 petition because savings clause did not apply and § 2255 motions must be filed in sentencing court).

IV. Conclusion

The Court has considered all arguments; those not addressed would not alter the outcome. The Court finds no clear error on the face of the record as to the R&R's recommendation that

3

Jones's petition must be dismissed, which is therefore accepted. This action is dismissed. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
